IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

GREGORY K. CLINTON,

    **Plaintiff,**

v.                                                            CIVIL CASE NO. 5:22-cv-00230

GINA M. GROH, et al.,

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending in the above-styled case are the following motions, which the court rules on as follows:

1. Motion for the Appointment of Counsel. (ECF No. 8). Having considered the motion, the court **DENIES** same. Plaintiff has no constitutional right to appointed counsel in a civil rights action brought pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). 28 U.S.C. § 1915(e)(1); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). Although the court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp.

1

3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

Here, Plaintiff provides no justification for the appointment of counsel, and the undersigned is not aware of any exceptional circumstances. Therefore, without a particular showing of need, Plaintiff fails to meet the standard set forth in *Cook*. Should circumstances change in the future, the matter of the appointment of counsel can be reassessed.

2. Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 10). Having considered the Application and Trust Account Report, the court **GRANTS** the Application. The court notes that Plaintiff has sufficient funds in his inmate account to make an initial partial filing fee payment of **$20.00**. Plaintiff is **ORDERED** to make the $20.00 payment on or before **December 5, 2022**. Plaintiff is further **ORDERED** to make monthly payments beginning on **January 5, 2023** equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. These payments shall be due by the fifth day of each month thereafter. Federal Correctional Institution Gilmer, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

3. Motion for Warrant For Arrest 2 Counts Grandy Larceny. (ECF No. 15). In this Motion, Plaintiff asks the court to issue arrests warrants for individuals who illegally removed property from a West Virginia residence on July 3, 2016. Plaintiff refers the court to a document from some other legal action, which was purportedly filed on March 20, 2017. The Motion is **DENIED**. The instant action is a civil action, not a criminal action. Arrest warrants do not issue from civil actions. If Plaintiff is complaining about a crime that was committed against him and hopes to seek prosecution of the perpetrators, then he must contact the Prosecuting Attorney's Office in the appropriate county. Ultimately, the decision to pursue criminal charges rests with the county prosecutor, not this court or Plaintiff.

4. Motion to Retrieve Sleep Apnea Breathing Machine. (ECF No. 25). Plaintiff asks the court for an order instructing the correctional facility to provide him with a device to treat sleep apnea. The Motion is **DENIED**. This case primarily involves allegations against Judge Groh related to Plaintiff's prior criminal conviction. It is not a lawsuit about the conditions of Plaintiff's confinement at FCI Gilmer. If Plaintiff wishes to file a claim related to his conditions of confinement, he must initiate a separate civil action by filing a separate complaint. Plaintiff is reminded that before he files a civil action complaining about his conditions of confinement, he must exhaust the administrative remedies available to him at FCI Gilmer.

The Federal Bureau of Prisons ("BOP") has developed a four-step administrative process to address inmate grievances. *See* 28 C.F.R. § 542.10, *et seq*. First, the inmate is required to seek informal resolution of the issue with facility staff by filing Request for Administrative Remedy Form BP-8. If that step proves fruitless, the inmate proceeds to the second step, which requires him to file a written Form BP-9 addressed to the warden

of the facility. *Id.,* at § 542.14(a). The BP-9 must be submitted within twenty days of the occurrence on which the grievance is based. *Id.* If the warden provides an unsatisfactory response, the inmate has twenty days to appeal to the BOP's Regional Director, using Form BP-10. *Id.,* at § 542.15(a). If the Regional Director's response does not resolve the matter, the inmate must seek relief by appealing the Director's response within thirty days to the Office of General Counsel, using Form BP-11. *Id.* An unresolved grievance is not exhausted until the inmate has performed all four steps. *Gibbs v. Bureau of Prison Office,* 986 F. Supp. 941, 943 (D. Md. 1997). In addition to this four-step process, the BOP allows an inmate to file a "sensitive" administrative remedy form directly with the appropriate Regional Director. 28 C.F.R. § 542.14. Using this form, the inmate can file a remedy request without staff members at the prison being able to see the grievance. Many times, grievances, such as those complaining of inadequate medical services, can be resolved using this process.

      In reviewing Plaintiff's filings, the undersigned notes that Plaintiff has stated on several occasions that he originally intended to sue the West Virginia State Police, Troop II, rather than Judge Groh and the 17 additional defendants included in the style of the case. It appears that a miscommunication occurred, because the original form document submitted by Plaintiff to the Clerk of Court was missing the first three pages of the form, which are the pages on which the Plaintiff is supposed to write the names of the parties. The document filed included hand-written page numbers beginning at 3 of 18 pages. Judge Groh and the other individuals were included as defendants because Plaintiff asked for arrest warrants to be issued against them for conspiracy. If Plaintiff did not intend, and does not want, to sue Judge Groh or any of the other individuals, then he should file a Motion to Voluntarily Dismiss the Complaint within **fourteen (14) days** after he

receives this Order. If Plaintiff files a Motion to Voluntarily Dismiss the Complaint, the Clerk of Court is **ORDERED** to **SET ASIDE** the portion of this Order granting the Application to Proceed Without Prepayment of Fees and Costs, as the Application will be moot. If Plaintiff does not file the Motion to Voluntarily Dismiss the Complaint within the time frame allotted, the Clerk is directed to provide a copy of this Order to FCI Gilmer for future collection of fees and costs as indicated.

If Plaintiff still intends to sue the West Virginia State Police, Troop II, he will need to file a new complaint form which includes all of the pages, along with a new Application to Proceed Without Prepayment of Fees and Costs.  A new civil action will be assigned to that case.

The Clerk is directed to provide a copy of this Order to Plaintiff.

**ENTERED:**  October 31, 2022

Cheryl A. Eifert
United States Magistrate Judge