IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

**GREGORY K. CLINTON,**

      **Plaintiff,**

v.                                **CIVIL CASE NO. 5:22-cv-00230**

**GINA M. GROH, et al.,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending are three motions filed by Plaintiff, which the Court **DENIES** as follows:

1. Motion to Receive a List of All Assets. (ECF No. 35). Apparently, Plaintiff seeks to engage in discovery. However, no defendants have been served with process in this civil action, making discovery premature. Prior to service of process, the undersigned must conduct the required initial screening. *See* 28 U.S.C. § 1915A(a). Until the screening is completed and the case qualifies to proceed, service of process will not be undertaken.

2. Motion to Recuse Magistrate Judge Cheryl A. Eifert. (ECF No. 40). Plaintiff argues that the undersigned should be recused because she lied to Plaintiff in an Order, which explained that a civil rights complaint against a federal government official must be filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. (*Id.* at 1). Plaintiff describes this Order as giving "fraudulent legal advice in bad faith," as a violation of the "oath of office," and as "shenanigans" that must stop. (*Id.* at 2-3). He advises the undersigned that if she cannot "cut the mustard" she needs to recuse herself or "stop

lying." (*Id.* at 4). Despite Plaintiff's belief that he can bring a civil rights suit against a federal government official under § 1983, and that the undersigned lied to him about this fact, he is simply incorrect. As the United States Court of Appeals for the Fourth Circuit explained in *Earle v. Shreves,* 990 F.3d 774, 777-78 (4th Cir. 2021):

> A person whose constitutional rights have been violated by a state official may bring an action seeking monetary damages against the official under 42 U.S.C. § 1983. But § 1983 does not provide a cause of action against *federal* officials, and there is no analogous statute imposing damages liability on federal officials. In *Bivens*, the Supreme Court recognized for the first time an implied cause of action for damages against federal officers alleged to have violated a citizen's rights under the Constitution and permitted the plaintiff to seek compensatory damages from federal agents alleged to have violated the Fourth Amendment.

(internal citations and markings omitted). Consequently, a claim seeking damages against a federal official for a violation of civil rights is called a *Bivens* action. Given that the undersigned did not lie or deceive Plaintiff; he states no other grounds for recusal; and the undersigned knows of no other grounds for recusal, the motion mut be denied.

    3. Motion to have Gina M. Groh Disbarred. (ECF No. 41). Plaintiff complains about the style of the case, but provides no explanation for his motion to have Judge Groh disbarred. In any event, disbarment is not relief that this Court is authorized to grant, as law licenses are governed by individual states, not by the federal courts.

    The Clerk is directed to provide Plaintiff with a copy of this Order.

**ENTERED**: November 22, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge