IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

**GREGORY K. CLINTON,**

    **Plaintiff,**

v.                                                   **CIVIL CASE NO. 5:22-cv-00230**

**GINA M. GROH, et al.,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Plaintiff's *pro se* civil rights complaint, (ECF Nos. 1, 9), and Motion to Remove 17 Co-defendants, (ECF No. 23). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that the Motion to Remove 17 Co-defendants, (ECF No. 23), be **GRANTED**; the complaint, (ECF Nos. 1, 9), be **DISMISSED**, with prejudice; and this case be **CLOSED** and **REMOVED** from the docket of the Court.

**I.**     **Relevant History**

Plaintiff Gregory K. Clinton ("Clinton") filed an incomplete civil rights complaint on September 19, 2022 in which he failed to list the names of the defendants he wished to sue. (ECF No. 1). The complaint alleged: (1) conspiracy against rights 18

1

U.S.C. § 241; (2) four counts of grand larceny; (3) fraudulent West Virginia State Police Arrest Report; and (4) illegal forfeiture. (ECF No. 1 at 4-6).  All of these claims apparently stemmed from his arrest in 2016 by West Virginia law enforcement officers and the subsequent seizure and forfeiture of his personal property. (*Id.* at 4-10). For relief, he requested five million dollars in compensatory damages; five millions dollars in exemplary damages; five million dollars in nominal damages; fifty million dollars in punitive damages; 100 million dollars for deliberate indifference; and that arrest warrants be issued for eighteen people, whom he wanted charged with grand larceny. (*Id.* at 12-14).

On September 20, 2022, the Clerk of Court sent Clinton a Notice of Deficient Pleading along with paperwork and instructions for Clinton to review and complete. (ECF No. 2). On the Court's docket, the Clerk included as named defendants all eighteen individuals for whom Clinton sought warrants.

On October 3, 2022, Clinton filed a second civil rights complaint, using the form supplied by the Clerk of Court. (ECF No. 9). In this pleading, he named only Chief Judge Gina M. Groh as a defendant. (*Id.* at 1-2).  He complained that his Fifth Amendment right to be free from double jeopardy was violated when Judge Groh allowed a superseding indictment to be filed in a federal criminal action against Clinton, having Case No. 3:17-cr-05. (*Id.* at 7). He also alleged that Judge Groh violated his fifth amendment and due process rights in relation to a forfeiture of his property by the West Virginia State Police. (*Id.* at 9). Finally, he contended that Judge Groh had a "meeting of the minds" with United States Magistrate Judge Robert W. Trumble regarding certain actions taken in Clinton's federal criminal case, No. 3:17-cr-5, which Clinton described as a "conspiracy." (*Id.* at 10). Clinton asked for money damages and

injunctive relief in the form of charges dismissed in his criminal case, resentencing, and immediate release from custody. (*Id*. at 11).

## II. <u>Standard of Review</u>

Title 28 U.S.C. § 1915A requires the court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" as soon as practicable after docketing. *See* 28 U.S.C. § 1915A(a). The court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). A complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than

3

the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

III. <u>Discussion</u>

    A. **Motion to Remove 17 Co-Defendants**

Clinton asks to remove all of the individuals identified as defendants by the Clerk of Court, with the exception of Chief Judge Gina M. Groh. (ECF No. 23). He makes clear that he did not intend for these seventeen people to be included in his lawsuit. (*Id.).* Therefore, the undersigned **FINDS** that the Motion should be granted.

    B. **Judge Groh**

In support of his complaint against Judge Groh, Clinton attaches various excerpts from documents filed in cases involving Clinton over which Judge Groh presided, (ECF Nos. 9-2 through 9-7); a few documents from his state court forfeiture action, (ECF Nos. 9-8, 9-9); and an Administrative Detention Order from the Federal Bureau of Prisons reflecting that Clinton is pending an SIS investigation. (ECF No. 9-10). It is plain from the body of the complaint, as well as these attachments, that Clinton's claims against Judge Groh arise from her role as a judicial officer. The law is well settled that judicial officers have absolute immunity from lawsuits related to the exercise of their jurisdiction as judges. *Pierson v. Ray,* 386 U.S. 547, 554 (1967);

4

*Stephens v. Herring,* 827 F. Supp. 359, 365 (E.D. Va. 1993). This is true even if the judicial act allegedly was done maliciously, corruptly, or in bad faith, *King v. Myers,* 973 F.2d 354, 356 (4th Cir. 1992) (citations omitted), and no matter "how erroneous the act may have been, and however injurious in its consequences [the judicial act] may have proved to the plaintiff." *Cleavinger v. Saxner,* 474 U.S. 193, 199–200 (1985) (quoting *Bradley v. Fisher,* 80 U.S. 335, 347 (1871)). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger,* 474 U.S. at 499-500 (quoting *Pierson,* 386 U.S. at 553–554). "Judicial immunity is an absolute immunity: it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely." *Lemon v. Hong*, No. CV ELH-16-979, 2016 WL 3087451, at *4 (D. Md. June 2, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

There are only two conditions in which judicial immunity does not apply to bar a civil rights claim: (1) if the judge acted in the "clear absence of all jurisdiction" or (2) the judge's action was not a "judicial act." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *King*, 973 F.2d at 356-57. Under the first condition, "[a] distinction is drawn between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of act accorded immunity." *Id.* Therefore, the question is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him, and, in answering that question, the scope of the judge's jurisdiction must be construed broadly." *Id.* at 357 (internal quotations and markings omitted).

As to the second condition, in determining whether the act at issue was a "judicial act," the court examines "whether the function is one normally performed by

5

a judge, and whether the parties dealt with the judge in his or her judicial capacity." *Id*. Notably, "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her exercise of authority is flawed by the commission of grave procedural errors." *Id*. Such "errors do not render the act any less judicial, nor permit a determination that the court acted in the absence of all jurisdiction." *Id*.

Clinton complains about a wrongful forfeiture of his property related to a criminal proceeding, about rulings Judge Groh made in his criminal and civil actions, and about documents filed in his cases. Clearly, all of the alleged wrongdoing by Judge Groh fell squarely within her role as a presiding judge. Clinton attempts to escape the litigation bar he faces by claiming that Judge Groh played some role in having him placed in administrative detention at Federal Correctional Institution Gilmer. (ECF No. 9-10 at 1). However, Clinton alleges no facts to support his accusation, and rank speculation is insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555.

Finally, in regard to Clinton's request for resentencing or release from custody, such relief is not available in a civil rights action. *Preiser v. Rodriguez,* 411 U.S. 475, 479 (1973). As Clinton is well aware from his numerous other filings[1], he must seek that type of relief in a habeas action. Therefore, the undersigned **FINDS** that Clinton's complaint is barred by the doctrine of judicial immunity and otherwise fails to state a

---

[1] *See Clinton v. Riley,* No. 3:20-cv-00151 (N.D.W. Va. Sept. 30, 2020), at ECF No. 19, for a review of Clinton's criminal action, appeal, motion for acquittal, motion for return of property, his two § 2255 motions, and § 2241 motion, all of which touch on similar subject matter as is asserted in this complaint. In addition to the criminal and civil actions discussed in *Riley,* Clinton filed an additional § 2241 petition attacking the same criminal convictions as addressed herein. *Clinton v. Wolfe,* No. 3:21-cv-00058 (N.D.W. Va. Apr. 21, 2021). Clinton also has filed multiple civil rights complaints in this district, some of which address the same or related matters. *See, e.g., Clinton v. Grant,* 3:20-cv-178 (N.D.W. Va. Sept. 18, 2020); *Clinton v. Chumley,* No. 5:22-cv-241 (N.D.W. Va. Oct. 3, 2022).

plausible claim against Judge Groh.

### IV. Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Remove 17 Co-defendants, (ECF No. 23); **DISMISS** the complaint in its entirety, with prejudice, (ECF Nos. 1, 9); and **CLOSE** and **REMOVE** this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston and Magistrate Judge Eifert.

The Clerk is directed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff by certified mail, return receipt requested, and to terminate the Magistrate Judge association with this case.

**FILED:** November 23, 2022

Cheryl A. Eifert
United States Magistrate Judge