IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

GREGORY K. CLINTON,

          Plaintiff,

v.                                    CIVIL ACTION NO.   5:22-cv-00230

GINA M. GROH et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Gregory K. Clinton's ("Plaintiff") Complaint, (ECF Nos. 1 & 9), and Plaintiff's Motion to Remove 17 Co-Defendants, (ECF No. 23).   By Order dated September 28, 2022, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R").   (ECF No. 7.)   On November 23, 2022, Magistrate Judge Eifert filed a PF&R recommending that this Court (1) grant Plaintiff's motion to remove certain defendants and (2) dismiss the remaining action against Defendant Gina M. Groh, United States District Court Judge ("Judge Groh") on account of judicial immunity.   (ECF No. 43.)   Plaintiff filed timely objections on December 6, 2022. (ECF No. 46.)

For the reasons more fully explained below, the Court **GRANTS** Plaintiff's motion to remove 17 co-defendants, (ECF No. 23), **OVERRULES** Plaintiff's objections, (ECF No. 46), **ADOPTS** the PF&R, (ECF No. 43), and **DISMISSES** this action.

1

## I. BACKGROUND

A detailed recitation of the facts in this case can be found in Magistrate Eifert's PF&R, (ECF No. 43), and need not be repeated here. The Court will discuss any relevant facts as needed to resolve Plaintiff's objections.

## II. LEGAL STANDARD

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

Plaintiff asserts a handful of objections to the PF&R's finding that Judge Groh has judicial immunity. (*See* ECF No. 46.) These objections are verbose, overlapping, and at times difficult to comprehend. Some objections are thus consolidated for clarity, and each are addressed below.

*A. Judicial Immunity*

"Few doctrines [are] more solidly established . . . than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *see also Forrester v. White*, 484 U.S. 219, 225 (1988) (observing that "judges have long enjoyed a comparatively sweeping form of immunity"). Importantly, judicial immunity protects judges from more than just paying damages—it is immunity from suit altogether. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Judicial immunity is a broad immunity, one that is not easily cast aside. Indeed, judicial immunity applies no matter how "erroneous [or harmful] the [judicial] act may have been." *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985). This is true even when the judge is accused of acting maliciously, corruptly, or in bad faith. *Pierson*, 386 U.S. at 554; *Mireles*, 502 U.S. at 11. *See also Cleavinger*, 474 U.S. at 200 (explaining that judicial immunity cannot "be affected by the motives with which the[] judicial acts are performed" (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872))).

There are, however, two narrow exceptions to the general rule. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. This latter exception requires courts to draw a distinction "between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter.'" *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). Courts do so by asking "whether at the time [the judge]

3

took the challenged action [s]he had jurisdiction over the subject matter before [her]." *Id.* at 357 (first alteration in original). "[I]n answering that question, the scope of the judge's jurisdiction must be construed broadly." *Id.* (internal quotation marks omitted).

    B.  *Analysis*

Plaintiff first objects that Judge Groh cannot have judicial immunity because there is no evidence she is of English descent. (ECF No. 46 at 2.) Plaintiff seems to believe that common-law judicial immunity, borrowed from England, extends only to judges that descend from England. Not so. It is axiomatic that American judges receive judicial immunity by donning black robes, not by tracing their roots to the Mayflower. *See generally Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872). Judge Groh, as an Article III judge, enjoys judicial immunity for all claims arising from her judicial acts, and the Court hereby **OVERRULES** Plaintiff's first objection.

Plaintiff's next objection is two-fold. There, he argues that Judge Groh should not receive immunity because she (1) acted erroneously and maliciously and (2) in "bad behavior." (*See, e.g.*, ECF No. 7, 14.) Neither theory withstands scrutiny. First things first—even if Judge Groh acted erroneously and maliciously,[1] she would still receive judicial immunity for her judicial acts. *See, e.g.*, *Pierson*, 386 U.S. at 554. As for his second theory, Plaintiff erroneously reads the "good behavior" requirement in Article III as an end-around judicial immunity. *See* U.S. Const. art. III., § 1 ("Judges . . . shall hold their Offices during good Behaviour.") The United States Supreme Court, however, has never conditioned judicial immunity on the judge acting with good behavior. Quite the opposite actually. In *Bradley*, the Supreme Court explained that a judge who does not

---

[1] Plaintiff believes Magistrate Judge Eifert agreed with him that Judge Groh acted erroneously and maliciously. (*See, e.g.*, ECF No. 46 at 9 ("Judge Cheryl A. Eifert has varified (sic) Gina M. Groh['s] 'ERRONEOUS' acts.").) Plaintiff is mistaken. Rather than agreeing with Plaintiff, Magistrate Judge Eifert simply outlined the breadth of judicial immunity, *i.e.*, that it covers erroneous and malicious acts. (ECF No. 43 at 4–5.)

act in good behavior may be impeached. 80 U.S. (13 Wall.) at 11. But even then—convicted by the Senate and tossed from office—the judge is still entitled to judicial immunity. *See id.* Thus, whether Judge Groh acted in "good behavior" has no bearing on the judicial immunity inquiry. Plaintiff's second objection is **OVERRULED**.

Finally, Plaintiff objects that Judge Groh should not receive judicial immunity because she acted in the "clear absence of [j]urisdiction." (ECF No. 46 at 13.) Plaintiff's objection is apparently premised on a clerical mistake in his prior criminal case that inadvertently dismissed a count. (*See id.*) Unfortunately for Plaintiff, the question is not whether Judge Groh *had* jurisdiction; it is whether she *clearly lacked* jurisdiction over the subject matter before her. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *King*, 973 F.2d at 356–57. The Court cannot say that Judge Groh—the presiding judge in Plaintiff's criminal cases—knew that she clearly lacked jurisdiction to rule in those cases because of an alleged clerical mistake. Instead, Plaintiff's objection amounts to nothing more than a grievance over a procedural error, which cannot be used to bypass judicial immunity. *Stump*, 435 U.S. at 359 ("A judge is absolutely immune from liability for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors."). For that reason, Plaintiff's final objection is **OVERRULED**.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion to remove 17 co-defendants, (ECF No. 23), **OVERRULES** Plaintiff's objections, (ECF No. 46), **ADOPTS** the PF&R, (ECF No. 43), and **DISMISSES** this action **WITH PREJUDICE**.[2] The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

---

[2] Plaintiff has also several other motions pending, (*see, e.g.*, ECF Nos. 54, 57, & 58), but each are now moot as a result of this Memorandum Opinion and Order. As such, the Court **DENIES** all remaining motions as **MOOT**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     June 21, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE